Filed 4/22/26  P. v. Vogel CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> CHANNING JAY VOGEL, <br><br>     Defendant and Appellant. | A174291 <br><br> (Del Norte County <br> Super. Ct. No. CF249189) |

Defendant Channing Vogel appeals from a judgment of conviction after he pleaded no contest to taking a vehicle without consent and was sentenced to two years in county jail. Vogel's court-appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing. Counsel advised Vogel of his right to file a supplemental brief, and he did not do so. We have independently reviewed the record in accordance with our *Wende* obligations and find no meritorious issues. We thus affirm.

### BACKGROUND[1]

On May 19, 2024, Wilhelm Knodel noticed that two large limbs had been cut off a tree between his shed and the front of his property. A blue

---

[1] The factual background is drawn from the testimony at the preliminary hearing and the probation report.

1

truck and trailer were "backed to [the] shed" and hooked up to one of Knodel's Honda all-terrain vehicles. Knodel called the police and reported a "theft in progress" and "that there was someone on his property in his shed."

When Sergeant Dylan Balch of the Del Norte County Sheriff's Office arrived in response to the call, he found Vogel inside the shed holding a piece of wood. Vogel told Sergeant Balch that he was "stacking wood," and that he worked on the property "sawing, mowing, and weed whacking." He further explained to Sergeant Balch that "he had observed Knodel's yard out of hand and came over to help," and that "he had also been at the property the prior day and was beginning to worry about Knodel because he had not been well."

Knodel told Sergeant Balch that Vogel had previously done yard maintenance for him six or seven times over a period of three or four years, but that the most recent such occasion was over a year before the incident. Knodel had not spoken to or seen Vogel in nine months and did not give him permission to be on the property that day. He also indicated that Vogel had "already stolen items from his shed," including a BowFlex, table saw, hand tools, bicycles, and a second Honda all-terrain vehicle worth some $2000.

Sergeant Balch then placed Vogel under arrest and read him his *Miranda*[2] rights. Vogel admitted that he did not have Knodel's permission to be on the property, and that he had taken the missing all-terrain vehicle to his own property about half a mile away without Knodel's permission. Vogel claimed that he took the vehicle when he "noted a garage door open," and " 'was going to hold onto it until I got hold of [Knodel], because the garage was open, man. Someone was in there. I hate to see his shit come up missing like that.' "

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

2

On June 20, the Del Norte County District Attorney filed a complaint, and on December 11, the operative information, charging Vogel with two counts of second degree burglary (Pen. Code[3], § 459) (counts 1 and 2) and driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) (count 3). With respect to count 2, the information included the special allegation that Vogel had previously been convicted of receiving stolen property (§ 496d, subd. (a)) pursuant to section 666.5, subdivision (a). And the information further alleged, as a circumstance in aggravation under section 1170, subdivision (b) and California Rules of Court, rule 4.421, that Vogel's prior convictions as an adult were numerous.

In August, the matter was twice continued so that Vogel could hire private counsel, and on September 17, Vogel indicated that he wished to represent himself. The trial court set a further hearing for October 7 to set a date for the preliminary hearing, giving Vogel "a chance to look at all of the documents and talk to the district attorney" in the meantime.

On October 7, the matter was continued again after Vogel indicated that he had not had a chance to talk to the district attorney and was "currently getting some legal advice." And on October 30, the preliminary hearing was set for November 13.

The preliminary hearing began on November 13, with Vogel continuing to represent himself. The prosecution's first witness was Knodel, and after his direct examination concluded, Vogel indicated that he had "questions, but I don't know how to ask them" and that he wished "to hire an attorney." After obtaining Vogel's waiver of his rights to a speedy preliminary hearing and to have that hearing conducted in one session (see § 861), the trial court

---

[3] Further undesignated statutory references are to the Penal Code.

3

continued the hearing until November 26, "to make sure Mr. Vogel does have an attorney. If he doesn't we will appoint the public defender."

On November 26, the trial court appointed the public defender who had previously represented Vogel to represent him again. On December 11 the preliminary hearing resumed, and concluded that same day when the trial court held Vogel to answer on the charges.

On May 9, 2025, Vogel—now represented by a different public defender—entered into a plea agreement whereby he pleaded no contest to count 3 in exchange for three years[4] formal probation and dismissal of counts 1 and 2, as well as the pending charges in seven other cases.[5] Vogel also entered a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), expressly agreeing that if he failed to appear at sentencing, a warrant would issue for his arrest, he waived his right to withdraw his plea, and he could be sentenced up to the three-year statutory maximum. (See *id.* at p. 1254, fn. 5.) The plea agreement also required Vogel to "participate in [the pre-sentence investigation] process with probation" and "[a]dhere to [the] terms of pretrial supervision." Sentencing was set for June 2.

On June 2, Vogel failed to appear. The trial court issued a bench warrant and expressed its intent to reject the plea agreement and proceed to trial upon Vogel's arrest.

On June 13, defense counsel filed a request that the matter be placed on calendar on June 18 "for recalling of warrants and setting." On June 18, Vogel again failed to appear, and defense counsel indicated that he "did not

---

[4]    The probation report would later note that section 1203.1, subdivision (a) provides for a maximum two-year term of probation.

[5]    Several of these charges were for violation of a written promise to appear (§ 853.7).

know where [Vogel]" was, and "the last communication I had with Mr. Vogel, he indicated that he was not likely to be coming to court today."

On July 11, Vogel was arrested, and on July 14, appeared in custody. The trial court set a hearing on violation of the *Cruz* waiver and sentencing for July 21.

At the hearing on July 21, the trial court found Vogel had violated the *Cruz* waiver. After Vogel reiterated that he wished to plead guilty to count 3, the trial court found that he was not suitable for mandatory supervision and sentenced him to two years in county jail. The court then granted the prosecution's motion to dismiss the other two counts, as well as the misdemeanor cases.

Vogel filed a notice of appeal and attached a request for a certificate of probable cause, which the trial court granted.

## DISCUSSION

As noted, Vogel's appellate counsel has filed a brief under *Wende, supra*, 25 Cal.3d 436, identifying no potentially arguable issues.

However, Vogel's request for a certificate of probable cause appears to assert that his preliminary hearing was not held within 60 days of his plea or arraignment, as required by section 859b.[6] Vogel concedes that on July 26, 2024, he executed a written waiver of his right to have a preliminary examination within 10 days of his arraignment, but contends that "[a]t no time after this did I give any further time waivers" and "[a]t no time did I

---

[6]    "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b.)

5

waive the 60 calendar day time for preliminary hearing." These contentions are not accurate. On September 17, 2024, after Vogel indicated that he wished to represent himself at his preliminary hearing, the trial court confirmed that Vogel would "give up your right . . . to a preliminary hearing within 60 days beyond that date," to which Vogel replied, "Yes, your Honor." And, as noted, on November 13, in continuing the preliminary hearing after Vogel indicated he wished to hire an attorney, the trial court expressly asked: "[D]o you waive and give up your time for the speedy preliminary hearing?" Vogel again responded, "Yes, Your Honor."

Vogel also contends that he felt "compelled" to accept a plea agreement "based on extreme coercion and under the threat of immediate, long term incarceration. I was given the impression that I had no other real choice." Vogel provides no facts or explanation to support this assertion, nor has our independent review of the record located any.[7]

Finally, Vogel complains that he was represented by "three separate attorneys," the last of whom was "overloaded with cases," and that he "provided [his] appointed attorneys with motions to file, which none of them would file, that I believe would have resulted in the proper dismissal of my cases." But Vogel's request for a certificate of probable cause does not set forth sufficient facts from which we could find that for any challenged act or omission, there simply could be no satisfactory explanation for defense counsel's conduct. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–

---

[7] Vogel was out of custody on May 9 when he entered his plea. And we note that, given the *Cruz* waiver and the parties' plea agreement for formal probation, Vogel could in all likelihood have avoided incarceration altogether ("long term" or otherwise) by simply appearing at his sentencing hearing on June 2. He declined to do so.

267.)  Thus, any claim of ineffective assistance of defense counsel "is more appropriately decided in a habeas corpus proceeding."  (*Ibid.*)

In any event, we have independently reviewed the record for any arguable issues.  In entering his plea, Vogel was represented by counsel; he discussed his plea with his attorney; he acknowledged and waived his rights; he personally entered the plea; and the parties stipulated that the transcript of the preliminary hearing provided a factual basis for it.

Further, given Vogel's violation of his *Cruz* waiver, the sentence was consistent with the plea agreement and authorized by law.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to Vogel.

## DISPOSITION

The judgment is affirmed.

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

DESAUTELS, J.

(A174291N)